```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
                                    :
HILDA SEMERDJIAN,                   :
                                    :
            Plaintiff,              :
                                    :
                                    :
      -against-                     :   07 Civ. 7496(LMM)
                                    :
                                    :   MEMORANDUM AND
                                    :   ORDER
MCDOUGAL LITTELL, A DIVISION OF     :
HOUGHTON MIFFLIN COMPANY, AND       :
R.R. DONNELLEY & SONS COMPANY,      :
                                    :
            Defendants.             :
                                    :
------------------------------------X
```

McKENNA, D.J.

Plaintiff Hilda Semerdjian ("Plaintiff") brings this action against Defendants McDougal Littell ("McDougal"), a division of Houghton Mifflin Company, and R.R. Donnelley & Sons Company (collectively, "Defendants"), alleging copyright infringement and fraud. Defendants move to dismiss Plaintiff's fraud claim against McDougal pursuant to Federal Rule of Civil Procedure 12(b)(6), citing Plaintiff's failure to state a claim upon which relief can be granted under New York law, and also asserting that the claim is preempted under 17 U.S.C. § 301(a). (Defs.' Notice of Motion.) For the reasons set forth below, Defendants' motion to dismiss is GRANTED.

1.

Plaintiff is a New York resident and the daughter and heir of Simon Samsonian, a professional fine art painter who has been deceased since 2003. (Complaint ("Compl.") ¶¶ 2, 8.) As his heir, Plaintiff is the lawful holder of all copyrights to the paintings which are the subject of this action. (Id. ¶ 1.) Defendant McDougal is a textbook publisher, with its primary location in Evanston, Illinois, that sells and distributes textbooks nationwide, including The Language of Literature by Applebee, Bermudex, Blau, et al. (Id. ¶ 3.) Defendant R.R. Donnelley is "the world's premier full-service printer," with its principal location in Chicago, Illinois. (Id. ¶ 4.)

The artwork which is the subject of the present action was all completed by Plaintiff's father, Simon Samsonian. Samsonian's oil on canvas paintings include Senility (1962), Little Girl Reading #3 (1973), and Student with Guitar (1975), all registered with the U.S. Copyright Office as #VA 1-391-508. (Compl. ¶ 9.) In 1998, Samsonian entered into a contract with McDougal, consenting to and assigning a fee for the reproduction of 40,000 copies of each of the aforementioned paintings for inclusion in Defendant's 2000 edition of The Language of Literature textbook. (Id. ¶ 10.) However, in late 2006, Plaintiff

became aware that the licensed paintings were still being reproduced, and that Defendant's The Language of Literature textbook (including Plaintiff's copyrighted works) had been reprinted over 1,200,000 times, well in excess of the 40,000 copies that McDougal originally paid for. (Id. ¶ 18.) Additionally, Plaintiff discovered that "McDougal grossly understated the number of copies it needed when seeking permissions for hundreds of other paintings, photographs and illustrations in the 2000 edition of The Language of Literature, grade 9"; and that "McDougal's practice of requesting and paying for permission to print only a small fraction of the number of copies it knew it actually needed extends [to] thousands of visual art licenses in the 6th, 7th, 8th, 10th, 11th, and 12th grade editions of The Language of Literature, as well as other McDougal publications." (Id. ¶¶ 14, 15.) The works by various other artists, allegedly reproduced in excess of their contracts with McDougal, have also resulted in legal action by various plaintiffs. See e.g. Maisel v. McDougal Littell, 2006 WL 1409019 (S.D.N.Y. May 22, 2006); see also Bergt v. McDougal Littell, 2006 WL 3782919 (N.D. Ill. Dec. 21, 2006).

Based upon the frequency of these incidents involving Defendants, Plaintiff asserts that "McDougal's business

3

model, built upon a foundation of pervasive fraud, deprived [her] and thousands of others their rightful compensation for the use of their creative work ..." (Compl. ¶ 15.) Plaintiff states that McDougal was aware at the time of its negotiations with Samsonian that "its actual use would greatly exceed [the] number" of copies agreed upon by contract. (Id. ¶ 12.)  Plaintiff also contends that Samsonian detrimentally relied upon these misrepresentations made by McDougal in 1998.  (Id. ¶ 17.) These assertions, along with Plaintiff's allegations that she "suffered damages as a result of McDougal's fraud," all form the basis for her fraud claim against McDougal. (Id. ¶ 31.)  Defendants move to dismiss this claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

2.

Under Rule 12(b)(6) a complaint will be dismissed if there is a "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).  The Court must read the complaint generously, accepting the truth of and drawing all reasonable inferences from well-pleaded factual allegations. See York v. Ass'n of Bar of City of New York, 286 F.3d 122, 125 (2d Cir. 2002); see also Mills v. Polar Molecular Corp., 12 F.3d 1170, 1174 (2d Cir. 1993).  A court should dismiss a complaint only "if 'it appears beyond

doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Valmonte v. Bane, 18 F. 3d 992, 998 (2d Cir. 1994)(quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); see also Jenkins v. McKeithen, 395 U.S. 411, 422 (1969) (citation omitted). "To survive dismissal, the plaintiff must provide the grounds upon which his claim rests through factual allegations sufficient 'to raise a right to relief above the speculative level.'" ATSI Communications, Inc. v. Shaar Fund Ltd., 493 F.3d 87 (2d Cir. 2007)(quoting Bell Atl. Corp. v. Twombly, 127 S.Ct. 1955, 1965 (2007)).

**3.**

Defendants argue that Plaintiff's fraud claim must be dismissed because she has failed to state a claim upon which relief can be granted (F.R.C.P. 12(b)(6)) and because the state claim is preempted by federal law (17 U.S.C. § 301(a)). First, this Court will address Defendants' arguments pursuant to Federal Rule 12(b)(6).

**3a.**

Defendants argue, inter alia, that Plaintiff has failed to properly allege all of the required elements of a fraud claim under New York law -- specifically, that Plaintiff's complaint fails to adequately allege any pecuniary harm resulting from McDougal's alleged fraud.

5

Under New York law, a plaintiff must have suffered damages in order to have a recognizable fraud claim. "[D]amages are an essential element of a fraud claim under New York law. It is well-settled under New York law that a fraud action cannot be maintained where the damages attributable to the fraud are speculative or undeterminable." Abernathy-Thomas Engineering Co. v. Pall Corp., 103 F.Supp.2d 582, 599 (E.D.N.Y. June 27, 2000); see also Nakano v. Jamie Saddock, Inc., 1999 WL 1225259 at *5 (S.D.N.Y December 20, 1999)(fraud claim could not be sustained because "[p]laintiff has failed sufficiently to allege that Defendants' actions caused her quantifiable damages."). Further, "[a]ctual pecuniary losses must be the direct, immediate, and proximate result of the misrepresentation. The damages must also be independent of other causes." Kregos v. Associated Press, 3 F.3d 656, 665 (2d. Cir. 1993); see also Bennett v. United States Trust Co., 770 F.2d 308, 316 (2d Cir. 1985)("To establish the required causation, the plaintiff must show that the loss was a direct result of the defendant's [fraudulent] actions and [that it was] independent of other causes.").

    Plaintiff avers that "[t]he damages suffered by Plaintiff with respect to the fraud claim are the direct, immediate and proximate result of Defendants'

6

misrepresentations" and also asserts that "the damages occurred <u>before any infringement took place</u> and would have occurred even had no infringement ever taken place," and are therefore <u>independent</u> of the infringement. (Pl.'s Reply Brief 18.) The Court, however, disagrees with both of these assertions by Plaintiff. Absent any infringement, McDougal would have reproduced only 40,000 copies of Plaintiff's copyrighted works, all in accordance with the contract terms. There would be no fraud related damages in such an instance, nor were any fraud related damages sustained prior to the alleged infringement.

Though typically when considering a motion to dismiss, a court must construe as true all allegations made in a plaintiff's complaint, exceptions are made if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." <u>Valmonte v. Bane</u>, <u>supra</u>, at 998. Independent of infringement, Plaintiff has not demonstrated the existence of any pecuniary harm, and similarly, she has not shown how McDougal's alleged misrepresentations would have led to a direct and proximate loss had no infringement occurred. She would be unable to prove either of these allegations at trial. Plaintiff has failed to properly allege the pecuniary harm element of her fraud claim and as such, the

claim against McDougal cannot be maintained. Based upon this finding, the Court deems it unnecessary to determine the validity of the other arguments proffered by Defendants in support of their motion.

### 3b.

In light of the foregoing analysis, this Court finds that Plaintiff's complaint indeed fails to allege any pecuniary harm independent of the infringement damages. Defendants' motion to dismiss is hereby GRANTED.

SO ORDERED.

Dated: January 2, 2008

_____
Lawrence M. McKenna
U.S.D.J.