PROSKAUER ROSE LLP
1585 Broadway
New York, New York 10036
(212) 969-3950

MCLAUGHLIN & STERN, LLP
260 Madison Avenue
New York, New York 100016
(212) 448-1100

*Attorneys for Defendants McDougal Littell,
a Division of Houghton Mifflin Harcourt
Publishing Company (formerly known as
Houghton Mifflin Company), and
R.R. Donnelley & Sons Company*

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| HILDA SEMERDJIAN,<br><br>   *Plaintiff*,<br><br>- v -<br><br>MCDOUGAL LITTELL, A DIVISION OF HOUGHTON MIFFLIN COMPANY, AND R.R. DONNELLEY & SONS COMPANY,<br><br>   *Defendants*. | 07-CV-7496 (LMM) |

**DEFENDANTS' ANSWER TO THE COMPLAINT**

January 22, 2008

Defendants McDougal Littell ("McDougal") and R.R. Donnelley & Sons Company ("R.R. Donnelley") (collectively, the "Defendants"), for their Answer to Plaintiff's Complaint dated August 23, 2007 (the "Complaint") state as follows:

1. Deny the allegations of paragraph 1 of the Complaint, except admit that this is an action for alleged copyright infringement and avers that Plaintiff's fraud claim was dismissed by the Court by Order dated January 2, 2008.

2. Deny that they have knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 2 of the Complaint.

3. Deny the allegations of paragraph 3 of the Complaint, except defendant McDougal admits that it sells and distributes textbooks throughout the United States, including New York, among which is *The Language of Literature* by Applebee, Bermudez, Blau, et al, in which Samsonian's paintings were reproduced.

4. Admit the allegations of paragraph 4 of the Complaint.

5. Deny the allegations of paragraph 5 of the Complaint, except admit that Plaintiff filed a Complaint purportedly seeking such relief.

6. No response is necessary to paragraph 6 of the Complaint because that paragraph merely states a legal conclusion.

7. Admit the allegations of paragraph 7 of the Complaint.

8. Deny that they have knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 8 of the Complaint.

9. Deny that they have knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 9 of the Complaint.

- 2 -

10. Deny the allegations of paragraph 10 of the Complaint, except admit that in 1998, McDougal requested permission to copy and print the paintings *Senility*, *Little Girl Reading #3* and *Student with Guitar* in the year 2000 edition of McDougal's 9th grade textbook, *The Language of Literature* and that Samsonian granted McDougal the requested use and charged a reproduction fee.

11. Deny the allegations of paragraph 11 of the Complaint.

12. Deny the allegations of paragraph 12 of the Complaint.

13. Deny the allegations of paragraph 13 of the Complaint.

14. Deny the allegations of paragraph 14 of the Complaint.

15. Deny the allegations of paragraph 15 of the Complaint.

16. Deny the allegations of paragraph 16 of the Complaint.

17. Deny the allegations of paragraph 17 of the Complaint.

18. Deny that they have knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 18 of the Complaint.

19. Deny the allegations of paragraph 19 of the Complaint, except defendant McDougal admits that it hired R.R. Donnelley to print copies of *The Language of Literature*.

20. In response to paragraph 16 of the Complaint, repeat and reallege each and every answer to the paragraphs set forth in paragraphs 1 through 19 of the Complaint as if set forth herein in detail.

21. Deny the allegations of paragraph 21 of the Complaint.

22. Deny the allegations of paragraph 22 of the Complaint.

23. In response to paragraph 23 of the Complaint, repeat and reallege each and every answer to the paragraphs set forth in paragraphs 1 through 22 of the Complaint as if set forth herein in detail.

24. Deny the allegations of paragraph 24 of the Complaint.

25. Deny the allegations of paragraph 25 of the Complaint.

26. In response to paragraph 26 of the Complaint, repeat and reallege each and every answer to the paragraphs set forth in paragraphs 1 through 25 of the Complaint as if set forth herein in detail.

27. Deny the allegations of paragraph 27 of the Complaint.

28. Deny the allegations of paragraph 28 of the Complaint.

29. This count was dismissed by the Court by Order dated January 2, 2008.

30. This count was dismissed by the Court by Order dated January 2, 2008.

31. This count was dismissed by the Court by Order dated January 2, 2008.

32. In response to paragraph 32 of the Complaint, repeat and reallege each and every answer to the paragraphs set forth in paragraphs 1 through 31 of the Complaint as if set forth herein in detail.

33. Deny the allegations of paragraph 33 of the Complaint.

34. Deny the allegations of paragraph 34 of the Complaint.

35. Denies Plaintiff is entitled to any of the relief sought in the "WHEREFORE" clause of the Complaint, including subparts (1) to (5) there under, including, but not limited to, the reasons that neither attorneys fees nor punitive damages are available under the copyright laws with regard to this action.

- 4 -

**FIRST AFFIRMATIVE DEFENSE**

36. Plaintiff has failed to state a cause of action upon which relief may be granted.

**SECOND AFFIRMATIVE DEFENSE**

37. Plaintiff's claims are barred, in whole or in part, by equitable defenses, including the doctrines of equitable estoppel, laches, waiver and/or unclean hands.

**THIRD AFFIRMATIVE DEFENSE**

38. Plaintiff's claims are barred in whole or in part by applicable statutes of limitations.

**FOURTH AFFIRMATIVE DEFENSE**

39. Plaintiff lacks standing to bring this suit.

**FIFTH AFFIRMATIVE DEFENSE**

40. Plaintiff's claims are barred in whole or in part by implied contract

**SIXTH AFFIRMATIVE DEFENSE**

25. Due to the adequacy of any remedy at law and traditional equitable factors, as well as the First Amendment to the United States Constitution, plaintiff would not in any event be entitled to injunctive relief.

WHEREFORE, Defendants McDougal and R.R. Donnelley demand that judgment be entered dismissing the Complaint in its entirety, together with the costs, disbursements and reasonable attorneys' fees incurred by or on behalf of McDougal and R.R. Donnelley in this action; and for such other and further relief as the Court deems just and proper.

- 5 -

Dated: New York, New York
January 22, 2008

        Respectfully submitted,

        PROSKAUER ROSE LLP

        By: /s/ Charles S. Sims
        Charles S. Sims (CS-0624)
        Andrew Gerber (AG-0779)
        1585 Broadway
        New York, New York 10036
        (212) 969-3000

        MCLAUGHLIN & STERN, LLP
        David Blasband (DB-7069)
        260 Madison Avenue
        New York, New York 100016
        (212) 448-1100

*Attorneys for Defendants McDougal Littell, a Division of Houghton Mifflin Harcourt Publishing Company (formerly known as Houghton Mifflin Company), and R.R. Donnelley & Sons Company*