**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DATE FILED: 3/25/08

| |
|---|
| HILDA SEMERDJIAN, |
| *Plaintiff,* |
| - v - |
| MCDOUGAL LITTELL, A DIVISION OF HOUGHTON MIFFLIN COMPANY, AND R.R. DONNELLEY & SONS COMPANY, |
| *Defendants.* |

07-CV-7496 (LMM)

~~[Defendants' Proposed]~~
**SCHEDULING ORDER**

Pursuant to Rule 26 of the Federal Rules of Civil Procedure, the parties jointly submit the following proposed Scheduling Order in the above-captioned matter.

1.    **Meet and Confer**.   Pursuant to Federal Rule of Civil Procedure 26(f), the parties met electronically to discuss scheduling during the week of March 17, represented by

Maurice Harmon, Esq. – for Plaintiff

Charles S. Sims, Esq. – for Defendants

2.    **Pre-discovery Disclosures**.   The parties will exchange by April 15, 2008 the information required by Federal Rules of Civil Procedure 26(a)(1).

3.    **Discovery Plan**.   The parties jointly propose to the Court the following discovery plan:

A.    Discovery will be needed on the following subjects, among others:

1

i.    Actual damages, including but not limited to the reasonable license fee for any infringing quantity under *Davis v. The Gap*, 246 F.3d 152 (2d Cir. 2001) and its progeny.

ii.   The existence and, if any, amount of any profits attributable to the infringement not already taken into account in computing the actual damages.

B.    Disclosure of electronically stored information shall be handled as follows:  Plaintiff's disclosures to defendants will not involve significant information or records maintained in electronic form.  Plaintiff does not know the extent defendants use electronic data storage for their business records and reports but assumes it is extensive. Defendants do not expect that their claims or defenses, or a substantial amount of disclosure or discovery, will involve extensive electronically stored information, except as regards the assessment of profit (if any) attributable to the infringement and correspondence.  Defendants' financial data is maintained in electronic format, and is preserved as a matter of course.  Defendants note that they do not yet know the quantity of electronic information or systems used by Plaintiff.  The parties will agree on search terms before any electronic word-based searches are undertaken.  The parties have not reached any agreements for asserting claims of privilege or of protection as trial-preparation materials after production of computer-generated records.

C.    The parties intend to execute an appropriate agreement concerning confidentiality of discovery materials produced during the course of this action.

D.    The parties do not request any changes to the disclosure requirements of Rule 26(a).

2

E.    The parties do not request any changes in the limitations on discovery set forth in the Federal Rules of Civil Procedure, as amended, and the local rules for the Southern District of New York.

F.    **Fact Discovery**.

i.    The parties shall serve initial document requests by March 25, 2008.

ii.    The parties shall complete all fact witness depositions by <u>July 1, 2008</u>.

iii.    All fact discovery shall be commenced in time to be completed by <u>August 1, 2008</u>.

G.    **Expert Discovery**.  With regard to experts who are retained or specifically employed to provide expert testimony or whose duties as an employee of any party regularly involve providing expert testimony:

i.    By <u>July 15, 2008</u>, Plaintiff and Defendants shall identify such experts relating to all issues on which they have the burden of proof and shall serve on the other party the expert's written report and expert disclosure pursuant to the Federal Rules of Civil Procedure.

ii.    By <u>August 15, 2008</u>, Plaintiff and Defendants shall provide expert reports and expert disclosures responding to the reports of the other party pursuant to the Federal Rules of Civil Procedure.

iii.    By <u>September 12, 2008</u>, Plaintiff and Defendants shall provide rebuttal or additional expert reports and expert disclosures responding to the expert reports and disclosures served pursuant to item G(ii) above.

3

iv.    Depositions of experts shall commence only after the exchange of the expert reports referred to above and shall be concluded by <u>October 17, 2008</u>.

4.    <u>**Other Items**</u>.

A.    The parties request a conference with the Court before the entry of the scheduling order.

B.    The parties request a pretrial conference in <u>mid-December, 2008</u>.

C.    Any application to join any person or entity as a party to this action or to amend the pleading shall be made on or before May 15, 2008.

D.    All dispositive motions shall be filed not later than <u>November 15, 2008</u>.

E.    Within <u>30</u> days after the determination of any dispositive motions or the deadline of making a dispositive motion if no such motion is made, the parties shall submit to the Court for its approval a joint pretrial order that includes the information required by the Federal Rules of Civil Procedure 26(a)(3).

F.    The case should be ready for trial by <u>January 15, 2009</u>, and at this time it is expected to take approximately two or three days.

**HARMON & SEIDMAN LLC**                **PROSKAUER ROSE LLP**


By: _____            By: _____
    Maurice Harmon                            Charles S. Sims (CS-0624)
                                                   Andrew I. Gerber (AG-0779)
*Attorney for Plaintiff*                *Attorney for Defendants*
The Pennsville School                   1585 Broadway
533 Walnut Drive                        New York, New York  10036
Northampton, PA  18067                  (212) 969-3000
610-262-9288

G.    THIS CASE WILL BE REFERRED TO A MAGISTRATE JUDGE FOR PRETRIAL SUPERVISION.



New York, New York
March 25, 2008

**SO ORDERED:**

_____
U.S.D.J.