Maurice Harmon (MH-9051)
Harmon & Seidman LLC
The Pennsville School
533 Walnut Drive
Northampton, PA 18067
610-262-9288

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X

| | |
|---|---|
| HILDA SEMERDJIAN, | |
| Plaintiff, | 1:07-CV-07496-LMM |
| | ECF Case |
| v. | |
| | <u>FIRST AMENDED</u> |
| | <u>COMPLAINT</u> |
| MCDOUGAL LITTELL, A DIVISION OF HOUGHTON MIFFLIN COMPANY, AND R. R. DONNELLEY & SONS COMPANY, | JURY TRIAL DEMANDED |
| Defendants. | |

----------------------------------------------------------------X

Plaintiff Hilda Semerdjian ("Semerdjian"), by her attorneys, Harmon & Seidman LLC, as and for her First Amended Complaint herein against Defendants McDougal Littell, a division of Houghton Mifflin Company ("McDougal"), and R. R. Donnelley & Sons Company ("RR Donnelley"), alleges as follows:

**STATEMENT OF ACTION**

1. This is an action for copyright infringement brought by plaintiff Semerdjian, the holder of all copyrights to the paintings described hereafter and originally licensed for limited use by defendant McDougal, against defendants for unauthorized and impermissible uses of the paintings.

## PARTIES

2. Hilda Semerdjian is a United States citizen, a resident of New York, and the daughter and heir of Simon Samsonian ("Samsonian"), a highly regarded professional painter, now deceased.

3. McDougal is a textbook publisher with its primary offices in Evanston, Illinois. McDougal sells and distributes textbooks in New York and all over the United States, including *The Language of Literature* by Applebee, Bermudez, Blau, et al., in which Samsonian's paintings are unlawfully reproduced as hereafter described.

4. RR Donnelley is the world's premier full-service printer with its global headquarters in Chicago, Illinois.

## JURISDICTION AND VENUE

5. This is an action for injunctive relief, monetary damages, punitive damages, interest and attorney's fees under the copyright laws of the United States.

6. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338.

7. Venue is appropriate in this District pursuant to 28 U.S.C. §§ 1391(a) and (b) and 28 U.S.C. § 1400(a).

## FACTS COMMON TO ALL COUNTS

8. Simon Samsonian (1915-2003) was a professional fine art painter in the Cubist style. After his death, Samsonian's copyrights in his work passed by will to his daughter Hilda Semerdjian.

9. Samsonian's oil on canvas paintings include **Senility** (1962) (a copy of which is attached as exhibit A); **Little Girl Reading #3** (1973) (a copy of which is attached as

exhibit B); and ***Student with Guitar*** (1975) (a copy of which is attached as exhibit C); all duly registered with the U.S. Copyright Office as #VA 1-391-508 ("the paintings").

10. Upon information and belief, in 1995, McDougal requested permission to copy and print between 20,000 and 40,000 copies of ***Little Girl Reading #3*** and ***Student with Guitar*** in the year 1997 edition of McDougal's 9th grade textbook, *The Language of Literature*. Samsonian granted McDougal the requested use and charged a reproduction fee based on the copies requested.

11. In 1998 McDougal, in a letter to Samsonian (a copy of which is attached as exhibit D) requested permission to copy and print 40,000 copies of ***Senility***, ***Little Girl Reading #3*** and ***Student with Guitar*** in the year 2000 edition of McDougal's 9th grade textbook, *The Language of Literature*. Samsonian granted McDougal the requested use and charged a reproduction fee based on 40,000 copies.

12. At the times it represented to Samsonian a need for a certain number of copies of his paintings, McDougal knew its actual use would greatly exceed that number.

13. McDougal intended by its misrepresentations to obtain access to the paintings at a lower cost than it would have paid had it been honest in its dealings with Samsonian.

14. In a fashion similar to its treatment of Samsonian, McDougal grossly understated the number of copies it needed when seeking permissions for hundreds of other paintings, photographs and illustrations in the 1997 and 2000 editions of *The Language of Literature,* grade 9.

15. Upon information and belief, McDougal's practice of requesting and paying for permission to print only a small fraction of the number of copies it knew it actually

needed extends far beyond the 1997 and 2000 editions of *The Language of Literature,* grade 9 and includes thousands of visual art licenses in the 6th, 7th, 8th, 10th, 11th, and 12th grade editions of *The Language of Literature,* as well as other McDougal publications. While the lost licensing fee to any individual copyright holder is relatively small, millions of these books have sold, generating in excess of one billion dollars in revenue. McDougal's business model, built upon a foundation of pervasive fraud, deprived plaintiff and thousands of others their rightful compensation for the use of their creative work and unjustly enriched McDougal with outlandish profits in the process.

16. McDougal did not simply take the intellectual property of photographers, artists, and illustrators without a license. Instead, it licensed the copyrighted work of others for low numbers of reproductions, but surreptitiously copied it many times beyond the agreed-upon limit. This lulled licensors into a false sense of trust; if artists saw their licensed works reproduced in a McDougal textbook, they suspected nothing untoward. And, the licensing of a specific number of copies created the expectation that additional uses by McDougal would be requested and paid for if more copies were made. By this contrivance McDougal fraudulently concealed its wrongdoing by throwing licensors, including Samsonian, "off the scent."

17. Samsonian relied to his detriment on the truthfulness of McDougal's requests in setting the reproduction fees for McDougal.

18. In late 2006 plaintiff fortuitously discovered that McDougal was still using the paintings in printings of the above-described books now exceeding 1,200,000 copies, and continues to use said paintings in violation of plaintiff's copyrights.

19. McDougal hired RR Donnelley to print copies of the paintings in *The Language of Literature*. RR Donnelley printed and continues to print copies of the paintings without plaintiff's license, authority or permission and has earned profits by such printings.

## COUNT I
## COPYRIGHT INFRINGEMENT AGAINST MCDOUGAL
(***Little Girl Reading #3**, **The Language of Literature grade 9**,* 1997 ed.)

20. Plaintiff repeats and realleges paragraphs 1 through 19 of this complaint with the same force and effect as if set forth in full above.

21. The foregoing acts of McDougal constitute infringements of plaintiff's copyrights in the painting ***Little Girl Reading #3*** in violation of 17 U.S.C. § 501 et seq.

22. Plaintiff suffered damages as a result of McDougal's unauthorized use of this painting.

## COUNT II
## COPYRIGHT INFRINGEMENT AGAINST MCDOUGAL
(***Student with Guitar**, **The Language of Literature grade 9**,* 1997 ed.)

23. Plaintiff repeats and realleges paragraphs 1 through 22 of this complaint with the same force and effect as if set forth in full above.

24. The foregoing acts of McDougal constitute infringements of plaintiff's copyrights in the painting ***Student with Guitar*** in violation of 17 U.S.C. § 501 et seq.

25. Plaintiff suffered damages as a result of McDougal's unauthorized use of this painting.

### COUNT III
### COPYRIGHT INFRINGEMENT AGAINST MCDOUGAL
(*Senility*, *The Language of Literature grade 9,* 2000 ed.)

26. Plaintiff repeats and realleges paragraphs 1 through 25 of this complaint with the same force and effect as if set forth in full above.

27. The foregoing acts of McDougal constitute infringements of plaintiff's copyrights in the painting *Senility* in violation of 17 U.S.C. § 501 et seq.

28. Plaintiff suffered damages as a result of McDougal's unauthorized use of this painting.

### COUNT IV
### COPYRIGHT INFRINGEMENT AGAINST MCDOUGAL
(*Little Girl Reading #3*, *The Language of Literature grade 9,* 2000 ed.)

29. Plaintiff repeats and realleges paragraphs 1 through 28 of this complaint with the same force and effect as if set forth in full above.

30. The foregoing acts of McDougal constitute infringements of plaintiff's copyrights in the painting *Little Girl Reading #3* in violation of 17 U.S.C. § 501 et seq.

31. Plaintiff suffered damages as a result of McDougal's unauthorized use of this painting.

### COUNT V
### COPYRIGHT INFRINGEMENT AGAINST MCDOUGAL
(*Student with Guitar*, *The Language of Literature grade 9,* 2000 ed.)

32. Plaintiff repeats and realleges paragraphs 1 through 31 of this complaint with the same force and effect as if set forth in full above.

33. The foregoing acts of McDougal constitute infringements of plaintiff's copyrights in the painting *Student with Guitar* in violation of 17 U.S.C. § 501 et seq.

34. Plaintiff suffered damages as a result of McDougal's unauthorized use of this painting.

## COUNT VI
## COPYRIGHT INFRINGEMENT AGAINST RR DONNELLEY

35. Plaintiff repeats and realleges paragraphs 1 through 34 of this complaint with the same force and effect as if set forth in full above.

36. The foregoing acts of defendant RR Donnelley constitute infringements of plaintiff's copyrights in the paintings in violation of 17 U.S.C. § 106(1).

37. Plaintiff suffered damages as a result of RR Donnelley's unauthorized printing of the paintings.

**WHEREFORE**, plaintiff requests the following:

1. A preliminary and permanent injunction against defendants and anyone working in concert with them from copying, displaying, distributing, advertising, promoting, selling or offering to sell the paintings or copies thereof, or creating, obtaining and using a substantially similar paintings in any of the preceding ways and to deliver to the Court for destruction or other appropriate disposition of all materials, including digital files representing the paintings described in this complaint, in the control or possession of defendants.

2. Actual damages and all profits derived from the unauthorized use of the paintings.

3. Reasonable attorney's fees, court costs, expert witness fees, interest and all other amounts authorized under law.

4. For such other and further relief as the Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiff demands a trial by jury of all issues permitted by law.


Dated:   May 15, 2008

                        Plaintiff Hilda Semerdjian by her attorneys,

                        /s Maurice Harmon
                        HARMON & SEIDMAN LLC
                        Maurice Harmon (MH-9051)
                        The Pennsville School
                        533 Walnut Drive
                        Northampton, PA 18067
                        610-262-9288

                        Attorneys for Plaintiff Hilda Semerdjian


## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing pleading was filed electronically on May 15, 2008.  Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt.  All other parties will be served via regular U.S. Mail.  Parties may access this filing through the Court's electronic filing system.


                        /s Maurice Harmon