UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC# _____
DATE FILED: 6/2/08

---

HILDA SEMERDJIAN,

    *Plaintiff,*

  - v -

MCDOUGAL LITTELL, A DIVISION OF
HOUGHTON MIFFLIN COMPANY, AND
R.R. DONNELLEY & SONS COMPANY,

    *Defendants.*

07-CV-7496 (LMM)(AJP)

## STIPULATION ~~TO~~ CONSENT TO FILING OF SECOND AMENDED COMPLAINT / ORDER

    IT IS HEREBY STIPULATED AND AGREED, by and between the attorneys of record for the parties, that Defendants McDougal Littell ("McDougal") and R.R. Donnelley & Sons Company ("R.R. Donnelley") (collectively, the "Defendants") consent under F.R.C.P. Rule 15(a)(2) to the filing of Plaintiff's Second Amended Complaint (attached hereto as Exhibit A) in the above-captioned action. This consent is given without prejudice to, and with reservation of all rights with regard to, Defendants' position that paragraphs 11 through 17 of Plaintiff's Second Amended Complaint are immaterial and improperly pleaded, and that, in view of the Court's prior Order dismissing the fraud claims, any related discovery is therefore barred.

    Faxed signatures on this Stipulation are hereby deemed originals.

Dated: New York, New York
        May 30, 2008

SO ORDERED: _____ 6/2/08
Hon. Andrew Jay Peck
United States Magistrate Judge

BY FAX

PROSKAUER ROSE LLP

By: _____

Charles S. Sims
Andrew Gerber
1585 Broadway
New York, NY 10036
Telephone: (212) 969-3000
Fax: (212) 969-2900
*Attorneys for Defendants McDougal Littell, a Division of Houghton Mifflin Harcourt Publishing Company (formerly known as Houghton Mifflin Company), and R.R. Donnelley & Sons Company*

HARMON & SEIDMAN LLC

By: _____

Maurice Harmon
The Pennsville School
533 Walnut Drive
Northampton, PA 18067
Telephone: 610-262-9288
*Attorneys for Plaintiff Hilda Semerdjian*

SO ORDERED:

_____
District Court Magistrate Judge Andrew J. Peck

2

# Exhibit A

Maurice Harmon (MH-9051)
Harmon & Seidman LLC
The Pennsville School
533 Walnut Drive
Northampton, PA 18067
610-262-9288


UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
HILDA SEMERDJIAN,

        Plaintiff,                        1:07-CV-07496-LMM
                                             ECF Case
    v.
                                             **SECOND AMENDED**
                                             **COMPLAINT**
MCDOUGAL LITTELL, A DIVISION OF
HOUGHTON MIFFLIN COMPANY, AND         JURY TRIAL DEMANDED
R. R. DONNELLEY & SONS COMPANY,


        Defendants.
------------------------------------------------------------x

    Plaintiff Hilda Semerdjian ("Semerdjian"), by her attorneys, Harmon & Seidman LLC, as and for her Second Amended Complaint herein against Defendants McDougal Littell, a division of Houghton Mifflin Company ("McDougal"), and R. R. Donnelley & Sons Company ("RR Donnelley"), alleges as follows:

### STATEMENT OF ACTION

1. This is an action for copyright infringement brought by plaintiff Semerdjian, the holder of all copyrights to the Paintings described hereafter and originally licensed for limited use by defendant McDougal, against defendants for unauthorized and impermissible uses of the Paintings.

## PARTIES

2. Hilda Semerdjian is a United States citizen, a resident of New York, and the daughter and heir of Simon Samsonian ("Samsonian"), a highly regarded professional painter, now deceased.

3. McDougal is a textbook publisher with its primary offices in Evanston, Illinois. McDougal sells and distributes textbooks in New York and all over the United States, including *The Language of Literature* by Applebee, Bermudez, Blau, et al., in which Samsonian's paintings are unlawfully reproduced as hereafter described.

4. RR Donnelley is the world's premier full-service printer with its global headquarters in Chicago, Illinois.

## JURISDICTION AND VENUE

5. This is an action for injunctive relief, monetary damages, punitive damages, interest and attorney's fees under the copyright laws of the United States.

6. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338.

7. Venue is appropriate in this District pursuant to 28 U.S.C. §§ 1391(a) and (b) and 28 U.S.C. § 1400(a).

## FACTS COMMON TO ALL COUNTS

8. Simon Samsonian (1915-2003) was a professional fine art painter in the Cubist style. After his death, Samsonian's copyrights in his work passed by will to his daughter Hilda Semerdjian.

9. Samsonian's oil on canvas paintings include *Senility* (1962) (a copy of which is attached as exhibit A); *Little Girl Reading #3* (1973) (a copy of which is attached as

2

exhibit B); and ***Student with Guitar*** (1975) (a copy of which is attached as exhibit C); all duly registered with the U.S. Copyright Office as #VA 1-391-508 ("the Paintings" or "Paintings").

10. Upon information and belief, in 1995, McDougal requested permission to copy and print between 20,000 and 40,000 copies of ***Little Girl Reading #3*** and ***Student with Guitar*** in the year 1997 edition of McDougal's 9th grade textbook, *The Language of Literature*. Samsonian granted McDougal the requested use and charged a reproduction fee based on the copies requested.

11. In 1998 McDougal, in a letter to Samsonian (a copy of which is attached as exhibit D) requested permission to copy and print 40,000 copies of ***Senility***, ***Little Girl Reading #3*** and ***Student with Guitar*** in the year 2000 edition of McDougal's 9th grade textbook, *The Language of Literature*. Samsonian granted McDougal the requested use and charged a reproduction fee based on 40,000 copies.

12. At the times it represented to Samsonian a need for a certain number of copies of his Paintings, McDougal knew its actual use would greatly exceed that number.

13. McDougal intended by its misrepresentations to obtain access to the paintings at a lower cost than it would have paid had it been honest in its dealings with Samsonian and conceal its actual intentions to reproduce far greater numbers than licensed.

14. In a fashion similar to its treatment of Samsonian, McDougal grossly understated the number of copies it needed when seeking permissions for hundreds of other paintings, photographs and illustrations in the 1997 and 2000 editions of *The Language of Literature*, grade 9.

15. Upon information and belief, McDougal's practice of requesting and paying for permission to print only a small fraction of the number of copies it knew it actually needed extends far beyond the 1997 and 2000 editions of *The Language of Literature,* grade 9 and includes thousands of visual art licenses in the 6th, 7th, 8th, 10th, 11th, and 12th grade editions of *The Language of Literature,* as well as other McDougal publications. While the lost licensing fee to any individual copyright holder is relatively small, millions of these books have sold, generating in excess of one billion dollars in revenue. McDougal's business model deprived plaintiff and thousands of others their rightful compensation for the use of their creative work and unjustly enriched McDougal with outlandish profits in the process.

16. McDougal did not simply take the intellectual property of photographers, artists, and illustrators without a license. Instead, it licensed the copyrighted work of others for low numbers of reproductions, but surreptitiously copied it many times beyond the agreed-upon limit. This lulled licensors into a false sense of trust; if artists saw their licensed works reproduced in a McDougal textbook, they suspected nothing untoward. And, the licensing of a specific number of copies created the expectation that additional uses by McDougal would be requested and paid for if more copies were made. By this contrivance McDougal concealed its wrongdoing by throwing licensors, including Samsonian, "off the scent."

17. Sermerdjian relied to her detriment on the truthfulness of McDougal's requests and was unaware that McDougal was reproducing her copyrighted works until late 2006, shortly before filing her lawsuit.

4

18. McDougal's use of the Paintings in printings of the above-described books now exceeding 1,200,000 copies, and continues to use said paintings in violation of plaintiff's copyrights.

19. McDougal hired RR Donnelley to print copies of the paintings in *The Language of Literature*. RR Donnelley printed and continues to print copies of the Paintings without plaintiff's license, authority or permission and has earned profits by such printings.

### COUNT I
### COPYRIGHT INFRINGEMENT AGAINST MCDOUGAL
### (*Little Girl Reading #3*)

20. Plaintiff repeats and realleges paragraphs 1 through 19 of this complaint with the same force and effect as if set forth in full above.

21. The foregoing acts of McDougal constitute infringements of plaintiff's copyrights in the painting **Little Girl Reading #3** in violation of 17 U.S.C. § 501 et seq.

22. Plaintiff suffered damages as a result of McDougal's unauthorized use of this Painting.

### COUNT II
### COPYRIGHT INFRINGEMENT AGAINST MCDOUGAL
### (*Student with Guitar*)

23. Plaintiff repeats and realleges paragraphs 1 through 22 of this complaint with the same force and effect as if set forth in full above.

24. The foregoing acts of McDougal constitute infringements of plaintiff's copyrights in the Painting **Student with Guitar** in violation of 17 U.S.C. § 501 et seq.

25. Plaintiff suffered damages as a result of McDougal's unauthorized use of this Painting.

## COUNT III
## COPYRIGHT INFRINGEMENT AGAINST MCDOUGAL
### (*Senility*)

26. Plaintiff repeats and realleges paragraphs 1 through 25 of this complaint with the same force and effect as if set forth in full above.

27. The foregoing acts of McDougal constitute infringements of plaintiff's copyrights in the painting *Senility* in violation of 17 U.S.C. § 501 et seq.

28. Plaintiff suffered damages as a result of McDougal's unauthorized use of this Painting.

## COUNT VI
## COPYRIGHT INFRINGEMENT AGAINST RR DONNELLEY

29. Plaintiff repeats and realleges paragraphs 1 through 28 of this complaint with the same force and effect as if set forth in full above.

30. The foregoing acts of defendant RR Donnelley constitute infringements of plaintiff's copyrights in the paintings in violation of 17 U.S.C. § 106(1).

31. Plaintiff suffered damages as a result of RR Donnelley's unauthorized printing of the Paintings.

**WHEREFORE**, plaintiff requests the following:

1. A preliminary and permanent injunction against defendants and anyone working in concert with them from copying, displaying, distributing, advertising, promoting, selling or offering to sell the Paintings or copies thereof, or creating, obtaining and using a substantially similar paintings in any of the preceding ways and to deliver to the Court for destruction or other appropriate disposition of all materials, including digital files representing the Paintings described in this complaint, in the control or possession of defendants.

6

2. Actual damages and all profits derived from the unauthorized use of the Paintings.

3. Reasonable attorney's fees, court costs, expert witness fees, interest and all other amounts authorized under law.

4. For such other and further relief as the Court deems just and proper.

### JURY TRIAL DEMAND

Plaintiff demands a trial by jury of all issues permitted by law.

Dated: May 30, 2008

Plaintiff Hilda Semerdjian by her attorneys.

/s Maurice Harmon
HARMON & SEIDMAN LLC
Maurice Harmon (MH-9051)
The Pennsville School
533 Walnut Drive
Northampton, PA 18067
610-262-9288

Attorneys for Plaintiff Hilda Semerdjian

### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing pleading was filed electronically on May 30, 2008. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served via regular U.S. Mail. Parties may access this filing through the Court's electronic filing system.

/s Maurice Harmon

7

# EXHIBIT A

Strangeworth had never had any self-consciousness before the children. She did not feel that any of them were staring at her unduly or longing to laugh at her; it would have been most reprehensible for their parents to permit their children to mock Miss Strangeworth of Pleasant Street. Most of the children stood back respectfully as Miss Strangeworth passed, silenced briefly in her presence, and some of the older children greeted her, saying soberly, "Hello, Miss Strangeworth."

Miss Strangeworth smiled at them and quickly went on. It had been a long time since she had known the name of every child in town. The mail slot was in the door of the post office. The children stood away as Miss Strangeworth approached it, seemingly surprised that anyone should want to use the post office after it had been officially closed up for the night and turned over to the children. Miss Strangeworth stood by the door, opening her black pocketbook to take out the letters, and heard a voice which she knew at once to be Linda Stewart's. Poor little Linda was crying again, and Miss Strangeworth listened carefully. This was, after all, her town, and these were her people; if one of them was in trouble she ought to know about it.

"I can't tell you, Dave," Linda was saying —



*Sunday*, 1962, Semen Samsonian, Oil on canvas, 50"×35", Museum of Fine Arts, Yerevan, Armenia.

so she *was* talking to the Harris boy, as Miss Strangeworth had supposed—"I just *can't*. It's just *nasty*."

"But why won't your father let me come around any more? What on earth did I do?"

"I can't tell you. I just wouldn't tell you for *anything*. You've got to have a dirty, dirty mind for things like that."

"But something's happened. You've been

WORDS TO KNOW   **reprehensible**

180

# EXHIBIT B



*Little Girl Reading #1*, 1975, Sunol Samson. Oil on canvas, 42" x 32". Private collection, New York.

"You are forgetting who you are, *Niña*.[12] I have seen you staring down at that boy's house. You are heading for humiliation and pain." My mother said this in Spanish and in a <u>resigned</u> tone that surprised me, as if she had no intention of stopping me from "heading for humiliation and pain." I started for the door. She sat in front of the TV holding a white handkerchief to her face.

I walked out to the street and around the chain-link fence that separated El Building from Eugene's house. The yard was neatly edged around the little walk that led to the door. It always amazed me how Paterson, the inner city, had no apparent logic to its architecture. Small, neat, single residences like this one could be found right next to huge, <u>dilapidated</u> apartment buildings like El Building. My guess was that the little houses had been there first, then the immigrants had come in droves, and the monstrosities had been raised for them—the Italians, the Irish, the Jews, and now us, the

---

12. *niña* (nē'nyä) *Spanish:* girl.

**WORDS TO KNOW**
**resigned** (ri zīnd') *adj.* accepting some condition or action as inevitable
**dilapidated** (di lap'i dāt'id) *adj.* broken-down and shabby

300

# EXHIBIT C

Case 1:07-cv-07496-LMM-AJP   Document 28   Filed 06/02/2008   Page 15 of 19

# Only Daughter

### Sandra Cisneros



Once, several years ago, when I was just starting out my writing career, I was asked to write my own contributor's note for an anthology I was part of. I wrote: "I am the only daughter in a family of six sons. *That* explains everything."

Well, I've thought about that ever since, and yes, it explains a lot to me, but for the reader's sake I should have written: "I am the only daughter in a *Mexican* family of six sons." Or even: "I am the only daughter of a Mexican father and a Mexican-American mother." Or: "I am the only daughter of a working-class family of nine." All of these had everything to do with who I am today.

I was/am the only daughter and *only* a daughter. Being an only daughter in a family of six sons forced me by circumstance to spend a lot of time by myself because my brothers felt it beneath them to play with a *girl* in public. But that aloneness, that loneliness, was good for a would-be writer—it allowed me time to think and think, to imagine, to read and prepare myself.

Being only a daughter for my father meant my destiny would

*Student with Guitar*, 1975, Simon Samsonian. Oil on canvas, 52" x 37", private collection, New York.

WORDS TO KNOW

**anthology** (an-thŏl′ə-jē) *n.* a collection of writings

695

# EXHIBIT D

Matt Ogborn
*Photo Research Assistant*


McDougal Littell
A HOUGHTON MIFFLIN COMPANY

1560 Sherman Avenue  Evanston, IL  60201 USA
tel. (847) 424-3748  fax (847)424-3163

May 7, 1998

Simon Samsonian
20 Attridge Court, Dix Hills
Huntington, NY  11746

Dear Mr. Samsonian:

McDougal Littell Inc. is publishing a revision of our textbook, *The Language of Literature*, Grade 9. The authors are Arthur Applebee, Judith Langer, et al, with a copyright date of 2000. We request permission to use the following image for inside editorial use in this book, North American rights, for a print run of 40,000:

*Senility*, 1962, page 43 from your book *Simon Samsonian: His World Through Paintings*

I have included a copy of the image for your reference.

We would appreciate receiving a color transparency of this piece as soon as possible. We would prefer a 4 x 5 transparency or larger, but if one is not available, a slide will be acceptable. Please send it to my attention via Federal Express, using our account number 0606-546-70, economy service.

The image will be credited according to your directions. Please include this information with the transparency. If anyone else needs to be informed of this use, please let me know.

Please call me at (847) 424-3748 or fax me at (847) 424-3163 if you have questions regarding this request. Thank you very much for your cooperation with this project.

Sincerely,

Matt Ogborn
Photo Research Assistant

**Frances deVuono**
*Picture Research*

**McDougal Littell**
A HOUGHTON MIFFLIN COMPANY

1560 Sherman Avenue Evanston, Illinois 60201
**Telephone:** (847) 424-3305
**Fax :** (847) 424-3163

October 27, 1998

Simon Y. Samsonian
20 Attridge Court
Melville, NY 11746

Dear Mr. Samsonian,

McDougal Littell Inc. is now publishing a revision of the high school literature series, *The Language of Literature*, to be published in 2000. The authors are Arthur N. Applebee, Judith Langer, et al. We request permission to reuse the following images which appeared in the first edition, to be reused once in the revised Grade 9 book in the series, with North American English language rights for a print run of 40,000:

**Young Girl Resting** (1976)
and
**Student with Guitar** (1975).

We have film from the previous publication, so there is no need to send a transparencies or photos.

You may fax or mail us the invoice for this reuse. Please send the invoice to my attention.

If you have any questions, you may reach me at (847) 424-3305 or fax me at (847) 424-3163. Thanks very much.

Sincerely,

Frances deVuono