PROSKAUER ROSE LLP
1585 Broadway
New York, New York 10036
(212) 969-3950

MCLAUGHLIN & STERN, LLP
260 Madison Avenue
New York, New York 100016
(212) 448-1100

*Attorneys for Defendants McDougal Littell,
a Division of Houghton Mifflin Harcourt
Publishing Company (formerly known as
Houghton Mifflin Company), and
R.R. Donnelley & Sons Company*

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| HILDA SEMERDJIAN, <br><br> *Plaintiff,* <br><br> - v - <br><br> MCDOUGAL LITTELL, A DIVISION OF HOUGHTON MIFFLIN COMPANY, AND R.R. DONNELLEY & SONS COMPANY, <br><br> *Defendants.* | 07-CV-7496 (LMM) |

**DEFENDANTS' ANSWER TO THE SECOND AMENDED COMPLAINT**

Defendants McDougal Littell ("McDougal") and R.R. Donnelley & Sons Company ("R.R. Donnelley") (collectively, the "Defendants"), for their Answer to Plaintiff's Second Amended Complaint dated May 30, 2008 (the "Complaint") state as follows:

1. Deny the allegations of paragraph 1 of the Complaint, except admit that this is an action for alleged copyright infringement.

    2.    Deny that they have knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 2 of the Complaint.

    3.    Deny the allegations of paragraph 3 of the Complaint, except defendant McDougal admits that it sells and distributes textbooks throughout the United States, including New York, among which is *The Language of Literature* by Applebee, Bermudez, Blau, et al, in which Samsonian's paintings were reproduced.

    4.    Admit the allegations of paragraph 4 of the Complaint.

    5.    Deny the allegations of paragraph 5 of the Complaint, except admit that Plaintiff filed a Complaint purportedly seeking such relief.

    6.    No response is necessary to paragraph 6 of the Complaint because that paragraph merely states a legal conclusion.

    7.    Admit the allegations of paragraph 7 of the Complaint.

    8.    Deny that they have knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 8 of the Complaint.

    9.    Deny that they have knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 9 of the Complaint.

    10.    Deny the allegations of paragraph 10 of the Complaint, except admit that in 1995, McDougal requested permission to copy and print the paintings *Little Girl Reading #3* and *Student with Guitar* in the year 1997 edition of McDougal's 9th grade textbook, *The Language of Literature* and that Samsonian granted McDougal the requested use.

    11.    Deny the allegations of paragraph 11 of the Complaint, except admit that in 1998, McDougal requested permission to copy and print the paintings *Senility*, *Little Girl Reading #3* and *Student with Guitar* in the year 2000 edition of McDougal's 9th grade textbook,

*The Language of Literature* and that Samsonian granted McDougal the requested use and charged a reproduction fee.

12. Defendants state that paragraphs 12 through 17 of Plaintiff's Second Amended Complaint are immaterial and improperly pleaded, and that, in view of the Court's prior Order dismissing the fraud claims, no response is necessary and any related discovery is also barred. To the extent a response to this paragraph is required, Defendants deny the allegations of paragraph 12 of the Complaint.

13. Defendants state that paragraphs 12 through 17 of Plaintiff's Second Amended Complaint are immaterial and improperly pleaded, and that, in view of the Court's prior Order dismissing the fraud claims, no response is necessary and any related discovery is also barred. To the extent a response to this paragraph is required, Defendants deny the allegations of paragraph 13 of the Complaint.

14. Defendants state that paragraphs 12 through 17 of Plaintiff's Second Amended Complaint are immaterial and improperly pleaded, and that, in view of the Court's prior Order dismissing the fraud claims, no response is necessary and any related discovery is also barred. To the extent a response to this paragraph is required, Defendants deny the allegations of paragraph 14 of the Complaint.

15. Defendants state that paragraphs 12 through 17 of Plaintiff's Second Amended Complaint are immaterial and improperly pleaded, and that, in view of the Court's prior Order dismissing the fraud claims, no response is necessary and any related discovery is also barred. To the extent a response to this paragraph is required, Defendants deny the allegations of paragraph 15 of the Complaint.

16. Defendants state that paragraphs 12 through 17 of Plaintiff's Second Amended Complaint are immaterial and improperly pleaded, and that, in view of the Court's prior Order dismissing the fraud claims, no response is necessary and any related discovery is also barred. To the extent a response to this paragraph is required, Defendants deny the allegations of paragraph 16 of the Complaint.

17. Defendants state that paragraphs 12 through 17 of Plaintiff's Second Amended Complaint are immaterial and improperly pleaded, and that, in view of the Court's prior Order dismissing the fraud claims, no response is necessary and any related discovery is also barred. To the extent a response to this paragraph is required, Defendants deny the allegations of paragraph 17 of the Complaint.

18. Deny the allegations of paragraph 18 of the Complaint.

19. Deny the allegations of paragraph 19 of the Complaint, except defendant McDougal admits that it hired R.R. Donnelley to print copies of *The Language of Literature*.

20. In response to paragraph 20 of the Complaint, repeat and reallege each and every answer to the paragraphs set forth in paragraphs 1 through 19 of the Complaint as if set forth herein in detail.

21. Deny the allegations of paragraph 21 of the Complaint.

22. Deny the allegations of paragraph 22 of the Complaint.

23. In response to paragraph 23 of the Complaint, repeat and reallege each and every answer to the paragraphs set forth in paragraphs 1 through 22 of the Complaint as if set forth herein in detail.

24. Deny the allegations of paragraph 24 of the Complaint.

25. Deny the allegations of paragraph 25 of the Complaint.

26. In response to paragraph 26 of the Complaint, repeat and reallege each and every answer to the paragraphs set forth in paragraphs 1 through 25 of the Complaint as if set forth herein in detail.

27. Deny the allegations of paragraph 27 of the Complaint.

28. Deny the allegations of paragraph 28 of the Complaint.

29. In response to paragraph 29 of the Complaint, repeat and reallege each and every answer to the paragraphs set forth in paragraphs 1 through 28 of the Complaint as if set forth herein in detail.

30. Deny the allegations of paragraph 30 of the Complaint.

31. Deny the allegations of paragraph 31 of the Complaint.

32. Denies Plaintiff is entitled to any of the relief sought in the "WHEREFORE" clause of the Complaint, including subparts (1) to (4) there under, including, but not limited to, the reasons that neither attorneys fees nor punitive damages are available under the copyright laws with regard to this action.

## FIRST DEFENSE

33. Plaintiff has failed to state a cause of action upon which relief may be granted.

## SECOND DEFENSE

34. Plaintiff's claims are barred, in whole or in part, by equitable defenses, including the doctrines of equitable estoppel, laches, waiver and/or unclean hands.

### THIRD DEFENSE

35. Plaintiff's claims are barred in whole or in part by applicable statutes of limitations.

### FOURTH DEFENSE

36. Plaintiff lacks standing to bring this suit.

### FIFTH DEFENSE

37. Plaintiff's claims are barred in whole or in part by implied contract

### SIXTH DEFENSE

25. Due to the adequacy of any remedy at law and traditional equitable factors, as well as the First Amendment to the United States Constitution, plaintiff would not in any event be entitled to injunctive relief.

WHEREFORE, Defendants McDougal and R.R. Donnelley demand that judgment be entered dismissing the Complaint in its entirety, together with the costs, disbursements and reasonable attorneys' fees incurred by or on behalf of McDougal and R.R. Donnelley in this action; and for such other and further relief as the Court deems just and proper.

Dated: New York, New York
       June 17, 2008

                Respectfully submitted,

                PROSKAUER ROSE LLP

                By: /s/ Charles S. Sims
                Charles S. Sims (CS-0624)
                Andrew Gerber (AG-0779)
                1585 Broadway
                New York, New York  10036
                (212) 969-3000

MCLAUGHLIN & STERN, LLP
David Blasband (DB-7069)
260 Madison Avenue
New York, New York 100016
(212) 448-1100

*Attorneys for Defendants McDougal Littell, a Division of Houghton Mifflin Harcourt Publishing Company (formerly known as Houghton Mifflin Company), and R.R. Donnelley & Sons Company*

- 7 -