pf14,m5.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC# _____
DATE FILED: 7/18/08

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------X
HILDA SEMERDJIAN,

    Plaintiff,

v.                                                      07-CV-7496
                                                        (LMM) (AJP)
MCDOUGAL LITTELL, A DIVISION OF
HOUGHTON MIFFLIN COMPANY, AND
R.R. DONNELLEY & SONS COMPANY,

    Defendants.
----------------------------------------X

## PROTECTIVE ORDER

~~Upon a showing of good cause in support of the entry of a protective order to protect the discovery and dissemination of confidential information or information~~ as permitted by Rule 26(c) of the Rules of Civil Procedure as it relates to discovery in this case, IT IS ORDERED:

1. This Protective Order shall apply to all documents, materials, and information, including without limitation, documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, and other information disclosed pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure.

2. As used in this Protective Order, "document" is defined as provided in Fed.R.Civ.P. 34(a). A draft or non-identical copy is a separate document within the meaning of this term.

3. A Party may designate material as "Confidential" only if that material constitutes one or more of the following:

(a) "Trade Secrets" which means information, including a formula, pattern, compilation, program, device, method, technique, or process, that (1) derives independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable by proper means by, other persons who can obtain economic value from its disclosure or use; and (2) is the subject of efforts that are reasonable under the circumstances to maintain its secrecy.

(b) "Research" and "Development" which means, non-public documents containing information, including scientifically accumulated data, regarding Defendants' strategy to improve or increase market share or that disclose a Defendant's strategies and methods of selling or marketing its products or services.

(c) "Commercial Information" which means non-public information Defendants have taken reasonable steps to keep secret that would create an unfair advantage to competitors by providing them with previously unknown information as to the Defendants' business operations, or whose disclosure the designating party reasonably believes would lead to competitive, commercial or economic harm.

4. CONFIDENTIAL documents, materials, and/or information (collectively "CONFIDENTIAL information") shall not, without the consent of the party producing it or further Order of the Court, be disclosed except that such information may be disclosed to:

(a) attorneys actively working on this case;

(b) persons regularly employed or associated with the attorneys actively working on the case whose assistance is required by said attorneys in the preparation for trial, at trial, or at other proceedings in this case;

(c)   the parties, including their agents;

(d)   expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for preparation, trial or other proceedings in this case;

(e)   the Court and its employees ("Court Personnel");

(f)   stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this action;

(g)   deponents and witnesses; and

(h)   other persons by written agreement of the parties.

5.   Prior to disclosing any CONFIDENTIAL information to any person listed above (other than counsel, persons employed by counsel, Court Personnel and stenographic reporters), counsel shall provide such person with a copy of this Protective Order and obtain from such person a written acknowledgment (in the form attached hereto) stating that he or she has read this Protective Order and agrees to be bound by its provisions. All such acknowledgments shall be retained by counsel and shall be subject to *in camera* review by the Court if good cause for review is demonstrated by opposing counsel.

6.   Documents are designated as CONFIDENTIAL by placing or affixing on them (in a manner that will not interfere with their legibility) the following or other appropriate notice: "CONFIDENTIAL."

7.   Whenever a deposition involves the disclosure of CONFIDENTIAL information, the deposition or portions thereof shall be designated as CONFIDENTIAL and shall be subject to the provisions of this Protective Order. Such designation shall be made on the record during the deposition whenever possible, but a party may designate portions of depositions as

CONFIDENTIAL after transcription, provided written notice of the designation is promptly given to all counsel of record within fifteen (15) days after notice by the court reporter of the completion of the transcript.

8. If CONFIDENTIAL information is included in any papers to be filed with the Court, such papers shall be filed in a sealed envelope clearly labeled "CONFIDENTIAL-DISCLOSE ONLY SUBJECT TO COURT'S ORDER" and filed under seal until further order of the Court. [handwritten: A REDACTED COPY W/O CONFIDENTIAL INFO WILL BE PUBLICLY FILED. TREATMENT OF CONFIDENTIAL INFO AT TRIAL W/ll BE DETERMINED BY THE TRIAL JUDGE.]

9. A party may object to the designation of particular CONFIDENTIAL information by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the information as CONFIDENTIAL to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order. If such a motion is timely filed, the disputed information shall be treated as CONFIDENTIAL, as the case may be, under the terms of this Protective Order until the Court rules on the motion. If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as CONFIDENTIAL, as the case may be, and shall not thereafter be treated as CONFIDENTIAL in accordance with this Protective Order. In connection with a motion filed under this provision, the party designating the information as CONFIDENTIAL shall bear the burden of establishing that good cause exists for the disputed information to be treated as CONFIDENTIAL.

11. At the conclusion of this case, unless other arrangements are agreed upon, each document and all copies thereof which have been designated as CONFIDENTIAL shall be

4

returned to the party that designated it CONFIDENTIAL, or the parties may elect to destroy CONFIDENTIAL documents. Where the parties agree to destroy CONFIDENTIAL documents, the destroying party shall provide all parties with an affidavit confirming the destruction. ⁂

12. This Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

Dated: June 27, 2008
       New York, New York

PROSKAUER ROSE LLP

By: _____

Charles S. Sims
Andrew Gerber
1585 Broadway
New York, NY 10036
Telephone: (212) 969-3000
Fax: (212) 969-2900
*Attorneys for Defendants McDougal Littell, a Division of Houghton Mifflin Harcourt Publishing Company (formerly known as Houghton Mifflin Company), and R.R. Donnelley & Sons Company*

HARMON & SEIDMAN LLC

By: _____

Maurice Harmon
The Pennsville School
533 Walnut Drive
Northampton, PA 18067
Telephone: 610-262-9288
*Attorneys for Plaintiff Hilda Semerdjian*

SO ORDERED on 7/18/08, 2008.

_____
District Court Magistrate Judge Andrew J. Peck

HON. ANDREW J. PECK
United States Magistrate Judge
Southern District of New York

copy faxed recip. fell [illegible]

BY FAX

⁂ Sealed records which have been filed with the Clerk shall be removed by the party submitting them (1) within ninety (90) days after a final decision is rendered if no appeal is taken, or (2) if an appeal is taken, within thirty (30) days after final disposition of the appeal. Parties failing to comply with this order shall be notified by the Clerk that, should they fail to remove the sealed records within thirty (30) days, the Clerk may dispose of them.

## ACKNOWLEDGEMENT

By my signature, I hereby acknowledge that I have read the Protective Order entered in *Semerdjian v. McDougal Littell et al*, No. 07 CV 7496, that I understand the Protective Order, and that I hereby agree to be bound by the terms of the Protective Order.

_____            _____
Signature                                                                    Date

# FAX TRANSMITTAL SHEET



## ANDREW J. PECK
## UNITED STATES MAGISTRATE JUDGE
## UNITED STATES DISTRICT COURT
Southern District of New York
United States Courthouse
500 Pearl Street, Room 1370
New York, N.Y. 10007-1312

Fax No.:   (212) 805-7933
Telephone No.:   (212) 805-0036

**Dated:** __July 18, 2008__                                              **Total Number of Pages:** __7__

| TO | FAX NUMBER |
|---|---|
| Maurice J. Harmon, Esq. | 610-262-9288 |
| Charles S. Sims, Esq. <br> Andrew I. Gerber, Esq. | 212-969-2900 |
| David Blasband, Esq. | 212-448-0066 |

# TRANSCRIPTION:

[Two sentences added to ¶ 8 on page 4]

A redacted copy, w/o confidential info, will be publicly filed. Treatment of confidential info at trial will be determined by the trial judge.


**Copy to:**   Judge Lawrence M. McKenna